IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
WASHINGTON COUNTY, OK
FILED
2013 APR 12 P 4: 07
JILL L. SPITZER
COURT CLERK
BY_____DEPUTY

| | |
|---|---|
| VASANT PATEL, an individual, and RINA PARK, L.L.C., an Oklahoma limited liability company doing business as LA QUINTA INN & SUITES,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, a Delaware company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CJ-2013-112<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION

COME NOW Plaintiff Vasant Patel, individually, and Rina Park, L.L.C., an Oklahoma limited liability company d/b/a La Quinta Inn & Suites, and for their claims for relief against Defendant Princeton Excess and Surplus Lines Insurance Company, a Delaware company, and allege and state as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff, Vasant Patel, is a resident of Washington County, Oklahoma.

2. Plaintiff Rina Park, L.L.C. is an Oklahoma limited liability company currently doing business as La Quinta Inn & Suites in Washington County, Oklahoma.

3. Defendant Princeton Excess and Surplus Lines Insurance Company is a for profit insurance company domiciled in the State of Delaware, but providing insurance coverage in Oklahoma and currently doing business in Washington County, Oklahoma.

4. This case involves insurance coverage applicable to the building and structure of Rina Park's business, La Quinta Inn & Suites, which is situated on real property located at 1410 Washington Boulevard, Bartlesville (the "Building"), in Washington County, Oklahoma.

5. This Court has subject matter jurisdiction and venue is proper in Washington County, Oklahoma.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Patel is the owner of an Oklahoma commercial insurance policy issued by Defendant, which policy number is N7A3CP0000654-00 (the "Policy") for the period from December 23, 2010, to December 23, 2011.

7. Defendant sold the Policy to Plaintiff Patel and insured the Building for damages resulting from perils of wind, including the physical damage, loss of income and expenses of processing the claim, all of which are more particularly described in the Policy. Plaintiff Patel paid all premiums due to maintain the Policy and to effectuate the benefits of the Policy when premiums were due.

8. The Policy was in full force and effect at the time that the Building sustained certain damages as a result of the perils of wind on or about April 14, 2011, which was during the period of coverage provided by the Policy.

9. As a result of a wind storm which struck Bartlesville on or about April 14, 2011, Patel suffered losses covered by the Policy. Further, the Building sustained roof damage which requires repair of structural damages and water intrusion. Patel continues to suffer damages to the Building, which are losses covered by the Policy and which have not been addressed properly by Defendant.

10. Plaintiffs have properly filed notice of their losses due to damages caused by the wind storm on or about April 14, 2011. Despite having received the documentation of the losses, Defendant has failed to pay the claim that is due under the Policy.

11. Despite Plaintiff's efforts in notifying Defendant of the loss, Defendant has failed, refused or neglected to pay the full amount of the claim that is currently due and owing under the Policy.

12. By failing, refusing or neglecting to pay the full amount of the claim that is due and owing under the Policy, Defendant has breached the insurance contract between Defendant and Plaintiff Patel. As a result, Plaintiffs have not received the benefit for which Defendant was paid premium, have incurred consequential damages, incidental expenses and have been denied the benefit of their insurance bargain in an amount exceeding $75,000.

13. Further, by virtue of the Policy, Defendant owes Plaintiff Patel as an insured the duty to deal fairly and in good faith in timely evaluating and paying on covered losses or claims covered by the Policy.

14. Instead, Defendant has failed to advise Plaintiff Patel of his rights under the Policy, to notify Plaintiff of the benefits available through the Policy, and have wrongfully denied Plaintiff's claims.

15. Further, Defendant has inadequately investigated the facts about liability, damages and coverage to make a fair evaluation of Plaintiff's loss and unreasonably delayed its evaluation before denying Plaintiff Patel's claims under the Policy.

16. Defendant's breaches of its duties of good faith and fair dealing are designed to deny any payments to Plaintiff Patel, to avoid effectuating a fair settlement with Plaintiff Patel,

3

who is now forced to engage counsel to litigate over the benefits that he should have already received.

17.  As a result, Defendant has breached the duties of good faith and fair dealing and caused Plaintiff Patel financial harm, anxiety, frustration and unnecessary emotional turmoil and for which Plaintiff should be awarded monetary damages in an amount in excess of $75,000.

18.  As a result of Defendant's action in breaching its contractual obligations to Plaintiff Patel and in breaching its duties of good faith and fair dealing, Defendant has acted either intentionally or with reckless disregard for the rights of Plaintiff. Accordingly, Plaintiff seeks the imposition of punitive damages against Defendant in an amount in excess of $75,000.

WHEREFORE, having fully advised the Court in the premises, Plaintiff prays for judgment in their favor on all counts, together with an award of compensatory damages in excess of $75,000, an award of punitive damages in excess of $75,000, and any other amounts, including costs, consequential and incidental issues, and attorneys' fees, which are just and equitable.

Respectfully submitted,

_____
Robert J. Winter, OBA No. 16754
PRAY WALKER, P.C.
100 West 5th Street, Suite 900
Tulsa, Oklahoma 74103-4292
(918) 581-5500
(918) 581-5599 – Facsimile
RWinter@PrayWalker.com
*Attorneys for Plaintiffs*